UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEROME MORGAN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-5319** |
| **HARRY CONNICK ET AL** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court are Defendant Wayne Tamborella's Motion for Certificate of Appealability (Doc. 64) and Motion for Reconsideration (Doc. 67); and Defendant Leon Cannizzaro's Motion for Leave to Appeal (Doc. 65) and Motion for Reconsideration (Doc. 66). For the following reasons, the Motions are DENIED.

## BACKGROUND

Plaintiff Jerome Morgan brings claims under 42 U.S.C. § 1983 for damages caused by his wrongful conviction and 20-year incarceration on murder charges. Defendants are the Orleans Parish District Attorney Leon A. Cannizzaro, Jr. in his official capacity and Detective Wayne Tamborella in his

1

personal capacity. Plaintiff's conviction was vacated for *Brady* and due process violations on January 24, 2014. Thereafter, the District Attorney continued to pursue conviction and re-trial of the charges against him. The charges were ultimately dismissed on May 27, 2016. Plaintiff brought this action on May 26, 2017.

Defendants Cannizzaro and Tamborella each filed a Motion to Dismiss arguing, among other things, that Plaintiff's claims are barred by prescription. Specifically, Defendants alleged that the statute of limitations for Plaintiff's § 1983 claim began to run when his conviction was vacated, and it was therefore untimely when it was filed. At oral argument on these motions, this Court gave reasons on the record denying Defendants' motions and holding that Plaintiff's claim had not prescribed. Defendants now each file separate Motions for Reconsideration and Motions for Leave to Appeal that decision.

## **LEGAL STANDARD**

### A. Motion for Reconsideration

Federal Rule of Civil Procedure 54(b) states that, "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new

evidence or an intervening change in or clarification of the substantive law.'"[1] "'[T]he power to reconsider or modify interlocutory rulings is committed to the discretion of the district court, and that discretion is not cabined by the heightened standards for reconsideration' governing final orders.'"[2]

### B. Motion for Leave to Appeal

Pursuant to 28 U.S.C. § 1292, a court can allow for interlocutory appeal of orders without directing entry of a final judgment on the order. For an interlocutory order to be appealable pursuant § 1292(b), three conditions must be satisfied. The trial judge must certify in writing that the order: (1) involves a controlling question of law, (2) substantial ground for difference of opinion on that question of law exists, and (3) immediate appeal from the order may "materially advance the ultimate termination of [the] litigation."[3] The moving party carries the burden of showing the necessity of interlocutory appeal.[4] Interlocutory appeals are "exceptional" and should not be granted "simply to determine the correctness of a judgment."[5]

---

[1] Austin v. Kroger Texas, L.P., No. 16-10502, 2017 WL 1379453, at *9 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).

[2] *Id.* (quoting Saint Annes Dev. Co. v. Trabich, 443 Fed. Appx. 829, 831–32 (4th Cir. 2011)).

[3] 28 U.S.C. § 1292.

[4] Chauvin v. State Farm Mut. Auto. Ins. Co., Nos. 06-7145, 06-8769, 2007 WL 4365387, at *2 (E.D. La. Dec. 11, 2007).

[5] *Id.* (quoting Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co., 702 F.2d 67, 68–69 (5th Cir. 1983)).

# LAW AND ANALYSIS

## A. Motions for Reconsideration

The question before the Court on Defendants' Motions to Dismiss was whether prescription began to run on Plaintiff's § 1983 claim for *Brady* violations when his conviction was vacated or when prosecutors dismissed the charges against him. In a consolidated oral argument in this case and a matter raising identical issues, the Court gave the following reasons on the record:

> As the parties know, the 1983 statute provides no federal statute of limitations, and so the courts have directed the courts to look to the statute of limitations provided in state law. However, the accrual date for determination of the commencement of that statute is governed by federal law conforming to common law principles. And this is *Wallace v. Kato*, which provides that accrual occurs when the plaintiff has a complete and present cause of action.
>
> Clearly Louisiana has a one year statute of limitation; the only question before this Court, in both of the cases, is the date in which the statute accrued. This Court believes that we are directed to look to the question as to what is the most analogous common law tort. In this case, and in virtually all of the cases that this Court has read, is that that is the malicious prosecution. The courts look to malicious prosecution.
>
> In Louisiana, in order to show a valid malicious prosecution claim, there are six factors that must be presented: First, a commencement or continuance of an original criminal judicial proceeding; two, its legal causation by the present defendant in the original proceeding; third, a bona fide termination; four, the absence of probable cause for the proceeding; five, the presence of malice therein; and six, damages.
>
> The Supreme Court, Louisiana Supreme Court just in 2015 in *Lemoine v. Wolfe* said: A cause of action does not accrue until a bona fide termination and a nolle prossed [prosequi] constitutes a bona fide termination. The Court also looks to the Fifth Circuit case of *Brandley v. Keeshan* for that. Accordingly, in both of the

4

cases, that is in *Morgan v. Cannizzaro*, Action No. 17-05319 and *Jones v. Cannizzaro,* 18-503, the Court finds that the cases have not prescribed and may proceed.

Defendants argue that this Court committed manifest error in looking to state law to determine when Plaintiff's claim accrued. Defendants correctly point out that "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law" and that "[a]spects of § 1983 which are not governed by reference to state law are governed by federal rules conforming in general to common-law tort principles."[6] Defendants have not, however, shown how the common law principles of the accrual of a malicious prosecution claim differ from the state law accrual principles cited by this Court. Indeed, the Fifth Circuit has stated that, "[A] malicious prosecution claim only accrues once the criminal charges are dismissed."[7] Defendants instead rehash arguments already considered and rejected by this Court. Accordingly, this Court declines Defendant's invitation to reconsider its holding.

### B. Motion for Leave to Appeal

Defendants next ask this Court to certify its denial of their Motions to Dismiss on prescription grounds for immediate appeal pursuant to 28 U.S.C. § 1292. In order to do so, the Court must certify that the appeal (1) involves a controlling question of law, (2) substantial ground for difference of opinion on that question of law exists, and (3) immediate appeal from the order may "materially advance the ultimate termination of [the] litigation."[8]

---

[6] Wallace v. Kato, 549 U.S. 384, 388 (2007).
[7] Aly v. City of Lake Jackson, 453 F. App'x 538, 539 (5th Cir. 2011).
[8] 28 U.S.C. § 1292.

5

Defendants' request for certification fails the second prong of this test. In support of their argument that there is substantial ground for difference of opinion, Defendants cite to a decision by the Eighth Circuit rejecting the finding reached by this Court, as well as a Fifth Circuit decision that has been vacated. This Court and the Fifth Circuit are bound by the decisions of the Supreme Court and earlier panels of the Fifth Circuit. Even if other circuits may come to a different conclusion, there is no substantial ground for difference of opinion here.

The Supreme Court has expressly held that the accrual date of a § 1983 claim are governed by federal rules conforming to common-law tort principles and occurs when the plaintiff has a complete and present cause of action.[9] "It is necessary, then, to first determine the common law 'tort [that] provides the proper analogy to the cause of action asserted.'"[10] The Supreme Court has held that "[t]he common-law cause of action for malicious prosecution provides the closest analogy to claims" arising out of the failure to disclose exculpatory evidence.[11] It has further held that "a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor."[12] Accordingly, this Court's decision was governed by Supreme Court precedent, and there is no substantial ground for disagreement such that an interlocutory appeal is warranted.

---

[9] *Wallace*, 549 U.S. at 388 (2007).
[10] *Aly*, 453 F. App'x at 539 (quoting *Wallace*, 549 U.S. at 388).
[11] Heck v. Humphrey, 512 U.S. 477, 484 (1994).
[12] *Id.*

## CONCLUSION

For the foregoing reasons, Defendants' Motions are DENIED.

New Orleans, Louisiana this 28th day of August, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**