UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JEROME MORGAN**                                                                  **CIVIL ACTION**

**VERSUS**                                                                         **NUMBER: 17-5319**

**LEON CANNIZZARO, ET AL.**                                                        **SECTION: "H"(5)**

## ORDER

Before the Court is Plaintiff Jerome Morgan's Ex Parte Motion for Reconsideration of Court's September 8 Order Awarding Civil Pro Bono Costs. (Rec. doc. 165). On September 8, 2022, this Court awarded $2,500.00 in costs to court-appointed counsel. (Rec. doc. 164). Plaintiff now asks the Court to reconsider an award of $6,800.00 for the cost of his expert, Dr. Stan Veuger.

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The question of which procedural rule – Rule 59 or 60 – applies depends on the timing of such a motion. *Sentry Select Ins. Co. v. Home State Cty. Mut. Ins. Co.*, 582 F. App'x 284, 286 (5th Cir. 2014) (citation omitted). A motion for reconsideration filed within 28 days of the court judgment being challenged is characterized as a motion to alter or amend the judgment and construed pursuant to Rule 59(e). *See id.* A motion for reconsideration filed more than 28 days after the judgment is treated as a Rule 60(b) motion for relief from judgment. *See id.* Plaintiff filed this motion within 28 days of the entry of final judgment. Accordingly, a Rule 59(e) analysis is appropriate.

A motion pursuant to Rule 59(e) "calls into question the correctness of a judgment." *Allen v. Envirogreen Landscape Professionals, Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017) (citations omitted). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct

manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

Thus, "[a] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (citations and internal quotation marks omitted). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Koerner v. CMR Construction & Roofing, L.L.C.*, 910 F.3d 221, 226 (5th Cir. 2018) (quoting *Templet*, 367 F.3d at 479); *see also Nucor Steel La., L.L.C. v. HDI Glob. Ins. Co.*, No. CV 21-1904, 2022 WL 4127161, at *1 (E.D. La. Aug. 9, 2022) (same).

In its original order, this Court stated:

> Plaintiff's counsel recognizes that the April 22, 2014 Resolution of the En Banc Court that established the Civil Pro Bono Counsel Panel also established a $2,500 per case limit on reimbursable costs.
>     The Court finds the plaintiff's proof to be in order and therefore finds that counsel is entitled to be awarded $2,500.00 in costs.

(Rec. doc. 164). Plaintiff points out, however, as he also stated in his earlier motion:

> In Paragraph 5(d), the resolution provides for reimbursement of "reasonable fees of expert witnesses . . . upon motion and order of the Court," so long as the requesting party sought "prior approval of the Magistrate Judge." Here, Morgan sought and obtained this Court's approval to retain two experts at $200/hour. In his request for reimbursement, Morgan sought reimbursement of $6,800 (34 hours x $200/hour) for the time of only one expert, Dr. Stan Veuger.

(Rec. doc. 165 (citing Resolution of the En Banc Court: Civil Pro Bono Counsel Panel ¶ 5(d)).

Plaintiff sought prior approval of his experts and their fees from this Court. (Rec. docs. 146, 149). This Court approved the experts and their rates. (Rec. docs. 148, 151). Because Plaintiff sought prior approval of his experts and their fees, and this Court approved them, Plaintiff has carried his burden to alter the Court's original judgment.

**IT IS ORDERED** that Plaintiff Jerome Morgan's Ex Parte Motion for Reconsideration of Court's September 8 Order Awarding Civil Pro Bono Costs (Rec. doc. 165) is **GRANTED**, and Plaintiff's counsel is awarded a further $6,800.00 from the civil pro bono fund for the cost of his expert, Dr. Stan Veuger.

New Orleans, Louisiana, this 27th day of October, 2022.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**